IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JUSTIN STREET,

                              Plaintiff,                              ORDER

     v.

                                                                         14-cv-510-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                              Defendant.

     This social security dispute is before the court for judicial review brought pursuant to 42 U.S.C. § 405(g). Briefing has now closed. Plaintiff Justin Street contends that the Administrative Law Judge ("ALJ") erred in finding him "not disabled" under the statute. More specifically, Street contends that the ALJ's Residual Functional Capacity determination failed to account adequately for deficiencies in his concentration, persistence and pace ("CPP") in direct violation of settled Seventh Circuit case law. *See O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) (ALJ must orient a vocational expert to the "totality of a claimant's limitations," including those involving "concentration, persistence and pace"). Since *O'Connor–Spinner*, this court has repeatedly found that remand is required where an ALJ fails to account for a claimant's limitations in CPP or to translate those limitations into RFC findings. *See, e.g., Suchowski v. Colvin*, No. 12-CV-865-WMC, 2014 WL 1805385 (W.D. Wis. May 7, 2014); *Traver-Musselman v. Colvin*, 12-cv-423-wmc, 2014 WL 1007302, at *8 (W.D. Wis. Mar. 14, 2014).[1]

---

[1] This court is hardly alone in its repeated application of the *O'Connor-Spinner* mandate to overturn obvious conflicts in CPP findings and RFC formulations by ALJs. *See, e.g., Gray v. Astrue*, No. 1:08-cv-00167, 2009 WL 1228632 (N.D. Ind. May 1, 2009); *McGee v. Astrue*, 770 F. Supp.

1

The Seventh Circuit has more recently gone to great pains to articulate specific deficiencies in an ALJ's adoption of "simple, unskilled work" as a substitute for limitations in CPP. In *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014), the Seventh Circuit noted that moderate limitations in CPP had been identified by the claimant's doctor, including the claimant's "ability to carry out detailed instructions, perform within a schedule, be punctual, perform at a consistent pace, and to complete a normal workday and workweek." *Id.* at 857. Given these limitations, the Seventh Circuit was once again "hard-pressed to conclude" that the ALJ's general RFC formulation adequately described the claimant as an individual who "could perform unskilled tasks, relate superficially to small numbers of people, and attend to tasks long enough to complete them." *Id.* at 857-58.[2] Finding that this formulation failed to "build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC," the Seventh Circuit remanded for further proceedings. *Id.* at 859.[3]

In light of *Yurt's* recent guidance on the CPP issue, and since there is no meaningful analysis of that decision in the Commissioner's briefing, the court directs the

---

2d 945, (E.D. Wis. 2011); *Kell v. Astrue*, No. 3:10-cv-175-WGH-RLY, 2011 WL 2970891 (S.D. Ind. July 21, 2011).

[2] Finding that the RFC and questions to the vocational expert were deficient, the court also stated that "the hypothetical [question] does nothing to ensure that the VE eliminated from her responses those positions that would prove too difficult for someone with [the claimant's] depression and psychotic disorder." *Yurt*, 758 F.3d at 857-58.

[3] The *Yurt* decision goes on to explain the contours of the law, including how the holding in that case is distinguishable from the limited number of cases where failures to account in the RFC for deficiencies in CPP have *not* been found to require remand. *See, e.g., Simila v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009) ("Simila's moderate difficulties with concentration, persistence, and pace stemmed from his chronic pain syndrome and somatoform disorder, which the ALJ included in the hypothetical.").

Commissioner to advise why remand in this case is *not* warranted. This supplemental brief is to be no more than **six pages** and, along with addressing the Seventh Circuit's decision in *Yurt*, should consider this court's recent holdings in each of the following CPP cases:

- *Traver-Musselman*, 2014 WL 1007302, at *8 (remanding because CPP limitations were not put to the vocational expert despite the ALJ purporting to assign great weight to the opinion finding those limitations);

- *Rapp v. Colvin*, No. 12-CV-353-WMC, 2015 WL 1268327, at *6 (W.D. Wis. Mar. 19, 2015) (remanding because of "absence of quantitative data supporting the 10% off-task limitation" and no attempt to explain how treating physician's qualitative limitations in CPP were properly accommodated for by a seemingly arbitrary 10% off task limitation);

- *Smith v. Colvin*, No. 13-CV-304-WMC, 2015 WL 1285795, at *2 (W.D. Wis. Mar. 20, 2015) (remanding "[b]ecause of the additional, moderate limitations in Dr. Kojis's report" were not reflected in plaintiff's work-related limitations to "simple, repetitive tasks and instructions" and "minimal stress").[4]

If upon review of these cases, the Commissioner concludes **within 21 days** that remand *is* warranted, the parties are instructed to stipulate to a remand pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), including an award of reasonable fees and costs awarded to plaintiff. Any stipulation should make reference to the deficiencies recognized in this order, along with any other arguably meritorious deficiencies that are raised in briefing, to assist the ALJ on remand. If the Commissioner concludes **within 21 days** that remand *is not* warranted -- and the court ultimately finds that remand *is* necessary based on the *Yurt* decision -- the Commissioner is on notice that **enhanced attorney fees may be awarded** to plaintiff as a sanction for

---

[4] The Commissioner is also encouraged to review the show cause order outlining this court's reasoning for remand. *See Smith v. Colvin*, No. 13-CV-304-WMC, 2015 WL 792041 (W.D. Wis. Feb. 25, 2015).

the Commissioner's "continu[ing] to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to 'simple' tasks, and [the Seventh Circuit's] continue[d] rejection [of] the Commissioner's position." *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009).[5]

ORDER

IT IS ORDERED that the Commissioner shall advise why remand is not required and why double fees and costs should not be awarded to plaintiff on or before May 26, 2015.

Entered this 4th day of May, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[5] This is not the first time the court has considered awarding sanctions. *See Smith v. Colvin*, 2015 WL 1285795, at *2 ("[T]he court will not grant sanctions at this time, although the Commissioner is now on notice that should a similar case as the present come before [it], this court may well grant double costs in the future."). While the entire Social Security Administration, certainly including overburdened ALJs, has been given the Herculean task of moving a mountain of claims, this does not excuse burdening the courts, plaintiffs and indeed the party's own lawyers with obviously meritorious appeals requiring remand.